David Ernest **DUKE,** Democratic Candidate for President of the United States; **Ralph P. Forbes,** Representative Democratic Voter on Behalf of Himself, and of his class, the Grass Roots Democratic Voters; **Osiris Akkebala,** on Behalf of Himself, and of his Class, the Black Voters and People and Pan–African Inter–National Movement, aka **P.A.I.N.;** and Scott **Sheppherd,** Representative Tennessee Voter, **Plaintiffs,**

v.

Hon. Gentry **CROWELL,** Secretary of State; The Democratic National Committee, and all of its Officers, Agents & Employees, including Paul G. **Kirk,** Chairman; The Democratic Leadership Council, and all of its Officers, Agents & Employees; The League of Women Voters; The so-called "Major" Candidates, Approved by the Party Bosses, including Senator Albert **Gore, Jr.; Jesse Jackson, Defendants.**

No. 88–2153–TUA.

United States District Court, W.D. Tennessee, W.D.

June 21, 1988.

David Ernest Duke, pro se.

Ralph P. Forbes, Metairie, La., pro se.

Osiris Akkebala, pro se.

Scott Sheppherd, Memphis, Tenn., pro se.

Michael Catalano, Deputy Atty. Gen., State of Tenn., Nashville, Tenn., for Crowell.

David J. Harris, J. Brooke Lathram, Memphis, Tenn., for Democratic Nat. Committee, etc. and Democratic Leadership Council, etc.

Leo Bearman, Jr., Memphis, Tenn., for League of Women Voters.

## ORDER PURSUANT TO RULE 11 AND RULE 16(f)

TURNER, District Judge.

On March 2, 1988, a complaint was filed in this Court in the name of David Ernest Duke, Ralph P. Forbes, Osiris Akkebala and Scott Sheppherd as plaintiffs. The complaint, however, is not signed by anyone other than Ralph P. Forbes as plaintiff pro se. The complaint is brought against Gentry Crowell, Secretary of State; The Democratic National Committee and all of its officers, agents and employees, including Paul G. Kirk, Chairman; The Democratic Leadership Council and all of its officers, agents and employees; The League of Women Voters; and the "So–Called 'Major' Candidates, Approved by the Party Bosses, including Senator Albert Gore, Jr.; Jesse Jackson;."

Very briefly, the complaint alleges that David Duke is being denied the right to run for political office of democratic candidate for the presidency of the United States on the democratic primary ballot in various States throughout the country. Specifically it is alleged that he has been denied his right to seek public office in the State of Tennessee by the Secretary of State under color of an allegedly unconstitutional State statute.

The complaint also alleges that the plaintiff Duke has been systematically excluded from certain presidential candidate debates and alleges that he has lawful right to participate in such debates. Broad conclusory allegations of conspiracy are alleged.

Plaintiffs seek "remedial damages in the amount of at least ... $100,250,000.00," plus $10,000.00 for "each and every registered Democratic Voter...." The complaint also seeks punitive damages of $1,000,000.00 and $10,000.00 per day for "each and every day the Defendants continue to deny his candidacy Equal Rights."

The complaint further requests a temporary restraining order, a declaratory judgment and a mandatory injunction against the Secretary of State "not to issue or count any Democratic presidential preferential primary ballots that fail to include the name of DAVID E. DUKE as a legally qualified candidate in the State of Tennessee."

No further action of any kind has been taken by the plaintiffs as a matter of record in this Court, nor have any further filings been made by the plaintiffs.

The Democratic National Committee and Paul G. Kirk, on March 28, 1988, filed a motion to dismiss the complaint. The Democratic Leadership Council, on March 28, 1988, filed a motion to dismiss the complaint; and on April 29, 1988, Gentry Crowell filed a motion to dismiss the complaint or, in the alternative, for summary judgment. The League of Women Voters Education Fund has filed its answer to the complaint as of March 28, 1988.

No responses of any kind have been filed with respect to these motions to dismiss.

On May 11, 1988, notice was sent by the Clerk of the Court setting a scheduling conference for June 14, 1988 at 9:00 a.m.

before this Court. Because the Clerk did not have the address of David Ernest Duke or Osiris Akkebala, neither having been provided to the Clerk by the plaintiffs, the only plaintiffs who were sent notice of this scheduling conference were Scott Sheppherd and Ralph P. Forbes.

On June 14, 1988 at the time set for the scheduling conference, attorneys for The Democratic National Committee and Paul G. Kirk, Gentry Crowell, The Democratic Leadership Council and The League of Women Voters Education Fund all appeared in open Court for the scheduling conference theretofore noticed. No appearance was made by any of the plaintiffs, nor by any attorney purporting to represent any of them.

Rule 11 of the Federal Rules of Civil Procedure provides: "A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address." As noted, the plaintiffs David Duke, Osiris Akkebala and Ralph P. Forbes have not signed the complaint in this cause. Moreover, the plaintiffs Osiris Akkebala and David Ernest Duke have not provided their address.

Rule 11 further provides that: "If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant."

The Court is particularly frustrated in this instance that no appearance has been made by anyone on behalf of the plaintiffs despite the fact that significant legal efforts have been generated as a result of the complaint filed in this cause. Numerous attorneys have been employed to represent the interests of many of the various defendants sued in this cause and thousands of dollars of legal work has undoubtedly been done on behalf of the defendants in connection with this claim. Yet, even the most rudimentary requirements of the Federal Rules of Civil Procedure, that of signing and providing one's address, have not been complied with by the plaintiffs.

■ The Court is of the opinion that the plaintiffs David Ernest Duke and Osiris Akkebala should be allowed ten (10) days following the entry of this order to file with the Clerk of the Court a verbatim copy of the complaint filed in this cause signed by each of them as required by Rule 11 and providing the necessary address information. Should these two plaintiffs fail to comply with this requirement within the 10-day period provided, the Court will *sua sponte* enter an order striking the complaint as provided in Rule 11 of the Federal Rules of Civil Procedure.

■ As noted, the plaintiffs Forbes and Sheppherd were provided with notice of the scheduling conference for June 14, 1988, but neither bothered to appear. Under Rule 16(f) of the Federal Rules of Civil Procedure, it is provided that:

If a party ... fails to obey a scheduling or pretrial order, or if no appearance is made on behalf of a party at a scheduling or pretrial conference ... the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

The Court does not find that noncompliance was substantially justified, nor that other circumstances make an award of expenses unjust. Furthermore, the Court believes that the complete failure of the plaintiffs in this cause to appear at this scheduling conference, despite notice and despite the fact that their efforts in filing this complaint have undoubtedly resulted in untold thousands of dollars of cost to the defendants named in this case, evidences frivolousness of this complaint and an intentional disregard by said plaintiffs of their procedural responsibilities as a result of their having filed this complaint. The Court is of the opinion that an order dismissing this case with respect to the claim asserted by the

plaintiff Forbes and the plaintiff Sheppherd is appropriate and should be made.

Moreover, pursuant to the provisions of Rule 16(f), the Court is constrained to award against said plaintiffs Forbes and Sheppherd the reasonable expenses incurred by each of the defendants who appeared at this scheduling conference. The defendants Gentry Crowell, The Democratic National Committee, Paul G. Kirk, The Democratic Leadership Council and The League of Women Voters Education Fund shall file with the Court within five (5) days affidavits specifying the expenses incurred by them as a result of the plaintiffs Forbes' and Sheppherd's failure to appear at this scheduling conference. The reasonable expenses shall include attorneys' fees incurred in appearing at the scheduling conference. Should any of said defendants desire to forego the option of recovering their reasonable costs, no affidavit need be filed. Thereafter, the Court will examine the affidavits with respect to the expenses incurred and will enter an order adjudicating said costs against the plaintiffs Forbes and Sheppherd.